UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELA CISNEROS, individually, and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION, a Delaware corporation; HEALTH NET FEDERAL SERVICES, LLC, a Delaware corporation; MICHAELINE FLOWER, an individual; and DOES 2 through 25, inclusive,<br><br>         Defendants. | Case No.: 3:19-cv-01010-L-MSB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF No. 8]** |

  Pending before the Court is Plaintiff Carmela Cisneros's ("Plaintiff") Motion to Remand [ECF No. 8]. The Court decides this matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

//

//

//

1

## I. BACKGROUND

From July 25, 2006, through March 7, 2018, Plaintiff was employed by Centene Corporation ("Centene") and Health Net Federal Services, LLC ("Health Net") as a Clerical Specialist in San Diego County. ECF No. 1-3, Ex. C at 36 ¶ 8.

On January 30, 2019, Plaintiff's filed a complaint against Centene and Michaeline Flower ("Flower") in the Superior Court of California, County of San Diego, alleging various claims relating from her termination of employment. *See* ECF No. 1-3, Exhibit A. The complaint sought damages on the following bases: (1) associational disability discrimination under the Fair Employment and Housing Act ("FEHA"), (2) failure to engage in a good faith interactive process under FEHA, (3) failure to accommodate under FEHA, (4) retaliation under FEHA, (5) unlawful workplace language policy under Cal. Gov. Code § 12951, (6) national origin discrimination based on associational disability under Cal. Gov. Code § 12900, (7) failure to take all reasonable steps to discrimination, harassment and/or retaliation, (8) violation of the California Family Rights Act ("CFRA"), (9) retaliation under CFRA, (10) wrongful termination against public policy, and (11) defamation. *See id.* On March 25, 2019, Plaintiff amended that complaint and filed her First Amended Complaint ("Complaint") against Centene, Flower, and newly-added defendant Health Net. *See* ECF No. 1-3, Ex. C. Plaintiff alleges that, in March 2018, she took leave to care for her husband who suffered a shoulder injury. ECF No. 1-3, Ex. C at 36 ¶ 11. Upon returning from leave, she was terminated for falsifying medical documents related to her husband's injury. *Id.* at ¶ 12. Plaintiff claims she was terminated in retaliation for taking leave to care for her injured husband. *Id.* at ¶¶ 94-101. Plaintiff alleges the same eleven causes of action related to her termination of employment. *See id.*

On April 30, 2019, Health Net deposed Plaintiff in the related class action case.[1] *See* ECF No.1 at ¶ 6. On May 30, 2019, Centene[2] removed the case to this Court, claiming diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446(b)(3). The timeliness of Centene's removal is not in dispute. Plaintiff now moves to remand.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

---

[1] On September 21, 2018, Plaintiff filed a class action complaint in the Superior Court of California, County of San Diego, alleging violations of state wage and hour laws against Centene and Health Net. *See Carmela Cisneros v. Centene Corporation et al.*, Case No. 3:18-cv-02489-L-JLB at ECF No. 1-2 at 4. On October 29, 2018, Centene and Health Net removed the case to this Court, where it is now pending. *See id.*

[2] According to Centene's Notice of Removal, Centene is "the only defendant that has been served in this action." ECF No. 1 at ¶ 5. As such, Centene is the removing party in this case.

Diversity jurisdiction requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Diversity jurisdiction does not exist if any defendant is of the same citizenship as any plaintiff. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Furthermore, removal on diversity grounds is improper if any defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). A court may disregard the citizenship of any fraudulently joined defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent . . . if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal citations and quotation marks omitted). A defendant bears the burden of proving fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

### III. DISCUSSION

Plaintiff contends there are two reasons the case must be remanded to state court. First, Plaintiff contends that Flower is not a sham defendant; thus, there is not complete diversity among the parties. ECF No. 8 at 9-14. Second, Plaintiff contends the amount in controversy does not exceed $75,000. *Id.* at 7-9.

**Sham Defendant**

Plaintiff alleges two claims against Flower: (1) retaliation in violation of the CFRA and (2) defamation under California law. *See* ECF No. 1, Ex. C. Centene asserts Flower was fraudulently joined in the action and that her citizenship should be disregarded in evaluating whether complete diversity exists. ECF No. 1 at 6-10.

**A. CFRA Claim**

Centene contends that the CFRA does not allow for "individual liability for retaliation." ECF No. 1 at ¶ 20 (citing *Nazir v. United Airlines*, 178 Cal.App.4th 243, 287 (2009)). Alternatively, Plaintiff contends that the CFRA's liability extends to individuals because the Fair Employment and Housing Act ("FEHA") incorporates most of the federal Family and Medical Leave Act ("FMLA") regulations into the CFRA. *See* ECF No. 8 at

4

12-13. However, the FMLA defines "employer" a "any person . . . who employs 50 or more employees" and includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employer's employees." *See* 29 U.S.C. § 2611. Although Plaintiff asserts that 2 Cal. Code Regs § 7297.7 unmistakably confirms that CFRA retaliation liability extends to individuals, the regulation does not address the issue of whether the supervisor of an employer may be held individually liable. Moreover, under *Nazir*, 178 Cal.App.4th at 287, there is "not individual liability for retaliation [under CFRA]." In light of settled California law on this issue, Plaintiff cannot establish a CFRA retaliation claim against Flower, in Flower's individual supervisor capacity.

### B. Defamation Claim

Centene contends that, as a result of Plaintiff's deposition testimony in the Class Case, Plaintiff cannot establish that Flower defamed her. ECF No. 1 at ¶ 21. "To prove defamation, a plaintiff must establish '(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage.'" *Abir Cohen Treyzon Salo, LLP v. Lahiji*, 2019 WL 4877286, at *4 (Cal. Dist. Ct. App. October 3, 2019) (internal quotation marks omitted) (citing *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007); Cal. Civ. Code §§ 44, 45, 45a). It is imperative that the plaintiff establish that the person sued is the one legally responsible for the defamatory statement. *Id.* (citing *Westside Estate Agency, Inc. v. Randall*, 6 Cal.App.5th 317, 329 (2016)). "In deciding whether a cause of action is stated we have declared that we will look only to a plaintiff's pleadings to determine removability." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal quotations and citation omitted). However, where fraudulent joinder is an issue, "[t]he defendant seeking removal to federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Centene wholly relies on its Notice of Removal assertions as its proof that Plaintiff fraudulently joined Flower in her defamation claim. ECF No. 10 at 8 fn.1. In its Notice of Removal, Centene contends that Plaintiff has no viable defamation claim against Flower

because she does not have personal knowledge that Flower publicized the reasons for Plaintiff's termination. ECF No. 1 at 9. Centene provides the following testimony from Plaintiff's deposition:

> Q. How about Ms. Flowers? [sic] Did she tell anybody why your employment was terminated?
> A. I have no idea.

*Id*.

Centene contends, as a result of this response, that "Plaintiff cannot possibly maintain a defamation claim against Flower because Plaintiff is unable to attribute the supposed defamatory statements to Flower." *See* ECF No. 1 at 8. This Court disagrees. Plaintiff's admission that she lacks personal knowledge of Flower's publication of the alleged defamatory statements is insufficient to show that Plaintiff cannot establish a defamation cause of action against Flower. Notably, the parties have yet to engage in discovery from which evidence that Flower publicized defamatory statement(s) could be revealed.

Moreover, while Centene asserts that Plaintiff fraudulently alleged she needed leave to care for her husband due to her deposition testimony that she has not been married since 1980, Centene fails to provide any argument regarding how Plaintiff's deposition testimony about her marital status prohibits her from bringing a defamation claim against Flower. *See* ECF Nos. 1 at 9, 1-3 at 121-24. The Court could infer that Centene believes they have a complete defense of truth because, if Plaintiff was not married, the leave paperwork she filed was in fact falsified. *Smith v. Maldonado* 85 Cal.Rptr.2d 397, 403 (Cal. Ct. App. 1999). On the other hand, the deposition testimony also reveals that Plaintiff and her husband, Pablo Gonzalez, were never legally divorced. Nonetheless, an inference will not satisfy the clear and convincing evidence standard. *See Christian Research Inst. V. Alnor*, 55 Cal.Rptr.3d 600, 611-612, 615 (Cal. Ct. App. 2007). Plaintiff's failure to oppose Centene's defamation contentions have no bearing on the Court's analysis as the burden remains with Centene to prove removal was proper. As such, the Court finds that

Centene has not proved by clear and convincing evidence that Flower was fraudulently joined to the defamation claim to destroy diversity.

Accordingly, it is not clear and obvious that Plaintiff cannot establish a cause of action against Flower either for defamation. For that reason, the Court finds that Flower is not a sham defendant. Thus, Flower shall remain as a party in this action and complete diversity does not exists here. For that reason, the Court finds that complete diversity is destroyed and federal subject matter jurisdiction is lacking. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**Sanctions**

Plaintiff requests the court order for Centene to pay costs and attorney fees incurred by Plaintiff as a result of the removal pursuant to 28 U.S.C. § 1447(c). ECF No. 8 at 14-15. The court declines to make such an award because the removal was not frivolous or filed for an improper purpose.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand [ECF No.8] is GRANTED. Therefore, this action shall be remanded to the Superior Court of the State of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: November 7, 2019

_____
Hon. M. James Lorenz
United States District Judge